UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK L. POIRSON, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 2:17-cv-03378-EEF |
| BP AMERICA PRODUCTION COMPANY; et al., | * | SECTION L(2) |
| | * | |
| Defendants. | * | |
| | * | |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Vacate Order Dismissing Case, R. Doc. 37. Plaintiff moves the Court to lift the stay, or alternatively remand this case to the Southern District of Alabama for final adjudication. After reviewing the motion, Defendants' Response, R. Doc. 39, the record, and the applicable law, the Court rules as follows.

### I. BACKGROUND

#### a. *B3 Bundle*

This case was designated as part of the B3 Bundle, stemming from the Deepwater Horizon oil spill. R. Doc. 1. This case and others were designated as B3 and were originally a part of the Deepwater Horizon multidistrict litigation (MDL) pending before another section of this Court. R. Doc. 35 at 7. Following the class action settlement in that MDL, these B3 plaintiffs were either excluded from the class definition or elected to opt out of the settlement. All B3 plaintiffs make personal injury and/or wrongful death claims due to exposure to the Deepwater Horizon aftermath. *Id.* Upon direction from the Court, the parties in these cases selected seven bellwether cases, in which discovery occurred while the remaining cases were stayed. *Id.* The Court granted summary

judgment to the defendants in those bellwether trials because it found the plaintiffs' expert on general causation produced an inadmissible opinion. *Id.* Plaintiffs appealed to the Fifth Circuit and as of June 20, 2023, those appeals remained pending. *Id.* at 7-8.

The remaining plaintiffs, whose cases were stayed pending the outcome of the bellwether trials, indicated to the Court that they intend to use this same general causation expert opinion for their personal injury and/or wrongful death claims. *Id.* at 8. At that time, the plaintiffs sought to extend the stay in these matters pending the outcome of those Fifth Circuit appeals while the defendants argued those appeals are irrelevant because the plaintiffs in these cases had not yet submitted this expert report before their cases were stayed. *Id.* The Court, on June 20, 2023, lifted the stay for the limited purpose "of allowing Plaintiffs to file their expert causation opinion into the record of each case" and beyond this limited purpose, the cases would remain stayed and administratively closed. *Id.* at 9.

### b. *Poirson*

Plaintiff Poirson filed two suits, through different counsel, relating to Deepwater Horizon: (1) the instant suit, a breach of contract and fraud action relating to the Vessels of Opportunity (VOO) program, and (2) a personal injury suit relating to his activity as a clean-up worker, case no. 2:17-cv-03177-GGG-DPC. R. Doc. 37-1 at 1. Plaintiff represents that while counsel was able to settle many of the VOO claims through mediations conducted by Judges Duval and Shushan, Plaintiff's pending personal injury case prevented the instant VOO claim from settling. *Id.* at 1-2 ("The decision was made to allow Plaintiff's personal injury action to proceed and to delay an attempt to resolve the VOO action."). Plaintiff's personal injury action was concluded in September 2022 when another section of this Court granted defendants motion for summary judgment. 17-3177, R. Doc. 71.

2

## II.     PRESENT MOTION

Plaintiff now moves the Court to lift the stay on this breach of contract claim as it was stayed and administratively closed along with the pending B3 personal injury matters. Plaintiff argues this case was erroneously included with the series of cases that were administratively closed, as unlike those matters this one does not involve personal injury or wrongful death claims. Thus, he will not be making use of the general causation expert opinion at issue in the bellwether appeals. Doc. 37-1 at 1-2. Plaintiff urges the Court to lift the stay, or alternatively remand this matter to the Southern District of Alabama for final adjudication.

Defendants filed a response expressing no opposition to the lifting of the stay; however, they do oppose Poirson's alternative request for remand, arguing Poirson waived any objection to venue by not filing a motion to transfer within the window set forth by Judge Barbier earlier in this MDL's history. R. Doc. 39. Defendants emphasize that if Poirson wanted a different venue, he had to have filed his motion to transfer "no later than Friday, March 12, 2021, otherwise the parties in these [B3] cases will be deemed to have waived any objection they may have to venue in this district." *Id.* at 3 (quoting MDL 10-2179 R. Doc. 26934 at 1-2).

## III.    DISCUSSION

Plaintiff requests a lifting of the stay or alternatively to remand the case to the Southern District of Alabama. The Court finds that, as Plaintiff's instant case does not involve personal injury claims and will not be relying on the expert opinion at issue in the B3 bellwether trials, there is no reason to continue the stay in this contract claim. Because Defendants have no objection to the lifting of the stay, and Plaintiff argues for remand in the alternative, the Court will lift the stay and reopen the case to proceed in this district.

For the foregoing reasons, the stay in this case is **LIFTED** and the matter is **REOPENED**.

New Orleans, Louisiana, this __18th__ day of August, 2023.

                                                                                             _____
                                                                                             United States District Judge